NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ALAN TROY NIMER, *Appellant.*

No. 1 CA-CR 19-0135
FILED 8-20-2020

Appeal from the Superior Court in Maricopa County
No. CR2018-105213-001
The Honorable William R. Wingard, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Brain & Lauritano PLC, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Jennifer B. Campbell joined.

---

C A T T A N I, Judge:

¶1        Alan Troy Nimer appeals his convictions and sentences for two counts of aggravated assault. Nimer's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous, and asking this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Nimer filed a supplemental brief, in which he contends that the superior court erred by playing only a portion of an audio recording to the jury and that he was entitled to a duress jury instruction. After reviewing the record and considering the issues raised in Nimer's supplemental brief, we affirm Nimer's convictions and sentences.

### FACTS AND PROCEDURAL BACKGROUND

¶2        One day in January 2018, Nimer experienced chest pain and had trouble breathing after using cocaine and methamphetamine. He called 911, reporting he was having a heart attack.

¶3        When firefighter-paramedics arrived, Nimer seemed agitated and began recording them on his cell phone. He started yelling expletives and "bossing [the firefighters] around." Because Nimer was hostile and uncooperative, the supervising firefighter determined that it was no longer safe for them to continue rendering aid. As the firefighters were preparing to leave, Nimer shoved firefighter-engineer, N.L., and swung at another firefighter, J.B.

¶4        The firefighters then restrained Nimer, and he eventually calmed down. The firefighters continued to render aid, and Nimer was transported to the hospital. Nimer's cell phone audio recorded the entire encounter with the firefighters.

¶5        Nimer was subsequently charged with one count of aggravated assault as to N.L. and another count of aggravated assault as to

J.B. After a five-day trial, a jury found him guilty as charged, and he was sentenced to three years' imprisonment, with 321 days of presentence incarceration credit. Nimer appealed, and although his initial appeal was untimely, the superior court later granted his request for leave to file a delayed appeal.

## DISCUSSION

### I. Supplemental Brief.

¶6 Nimer contends that the superior court erred by only playing a brief excerpt of his audio recording for the jury. Although he asserts that the first twenty-one minutes of the over three-hour recording exonerates him, the record he has submitted on appeal only contains the first two minutes of the recording; it does not contain the portion he claims is exonerating. Nimer could have filed a designation with the superior court to include the full recording within thirty days after the filing of his notice of appeal, *see* Ariz. R. Crim. P. 31.8(a)(2), but he did not do so. Accordingly, Nimer has not established that the full recording was exculpatory or that the court erred by failing to play it in its entirety for the jury.

¶7 Nimer also contends that the superior court erred by denying his request for a duress jury instruction. A party is entitled to a particular jury instruction if it "is reasonably and clearly supported by the evidence." *State v. Walters*, 155 Ariz. 548, 553 (App. 1987). We review the superior court's refusal to give a requested jury instruction for an abuse of discretion. *State v. Moody*, 208 Ariz. 424, 467, ¶ 197 (2004). Failure to give a requested instruction "is not reversible error unless it is prejudicial to the rights of a defendant and such prejudice appears on the record." *State v. Barr*, 183 Ariz. 434, 442 (App. 1995).

¶8 The duress statute provides that otherwise culpable conduct is justified "if a reasonable person would believe that he was compelled to engage in the proscribed conduct by the threat or use of immediate physical force against his person . . . which resulted or could result in serious physical injury which a reasonable person in the situation would not have resisted." A.R.S. § 13-412(A). That defense, however, "is unavailable if the person intentionally, knowingly or recklessly placed himself in a situation in which it was probable that he would be subjected to duress." A.R.S. § 13-412(B).

¶9 Here, Nimer placed himself in the situation in which it was probable that he would be subjected to duress after he yelled expletives at the firefighters and shoved one of them as they were preparing to leave.

And, in any event, Nimer testified that he did not touch or hit any of the firefighters. Accordingly, a duress instruction was neither supported by the evidence nor consistent with his defense. Accordingly, the superior court did not abuse its discretion by denying his request for a duress instruction.

## II.    Fundamental Error Review.

¶10        We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶11        Nimer was present and represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded Nimer all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Nimer's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

¶12        Nimer's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Nimer's representation in this appeal will end after informing Nimer of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Nimer has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:   AA

4